UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:

GILBERT, BARBEE, MOORE                                           CASE NO. 22-10763-JAL
MCILVOY, P.S.C., d/b/a                                                   CHAPTER 11
GRAVES-GILBERT CLINIC

          DEBTOR

---

**NOTICE OF FILING OF AMENDED EXHIBIT A TO MOTION FOR AN
ORDER REQUIRING THE DEBTOR TO SUBMIT TO A RULE 2004 EXAMINATION
AND TO  PRODUCE DOCUMENTS IN CONNECTION THEREWITH**

---

Come Alice Duff and Lloyd Dean Duff (the "Duffs") by counsel, and hereby give notice

of the filing of the attached Amended Exhibit A to the Motion for an Order Requiring the Debtor

to Submit to a Rule 2004 Examination and to Produce Documents in Connection Therewith

[ECF No. 56].

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
E-mail:  dlangdon@dlgfirm.com

GARDNER LAW, PLLC
Chadwick N. Gardner
5920 Timber Ridge Dr.
Suite 101
Prospect, KY 40059
Telephone: (502) 583-2423
Facsimile: (502) 583-1998
E-mail:  chad@teamgardnerlaw.com

COUNSEL FOR ALICE DUFF and
LLOYD DEAN DUFF

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that on February 6, 2023 a true and accurate copy of the foregoing Motion was served by electronic mail or first-class U.S. Mail to all persons requesting notice in this case as of the date of service.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR ALICE DUFF and
LLOYD DEAN DUFF

2

## AMENDED SCHEDULE A

Pursuant to the Order Authorizing Rule 2004 Examination of Debtor (the "Order"), Alice Duff and Lloyd Dean Duff (the "Duffs") hereby request that Gilbert, Barbee, Moore & McIlvoy, P.S.C., d/b/a Graves-Gilbert Clinic. (the "Debtor") produce for inspection and copying the documents and tangible things requested below at the offices of DelCotto Law Group PLLC, 200 North Upper Street, Lexington, Kentucky 40507, by no later than Friday, February 3, 2023 (the "Production Deadline").

## DEFINITIONS AND GENERAL INSTRUCTIONS

1.      "Document" or "documents" shall mean all objects, **tangible or intangible**, from which any information may be derived.  By way of example, "document" or "documents" shall mean the original, or a copy when the original is not available, and each nonidentical copy, including those that are nonidentical by reason of notations or markings, of any books, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, cables, records, drafts, diaries, videotapes, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, tabulations, invoices, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, expense records, trip reports, statements, accounting records, income statements, releases, appraisals, valuations, estimates, opinions, financial statements, balance sheets, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, filmed or graphic matter or tangible thing, or whatsoever description, however produced or reproduced (**including electronically stored or generated data, together with instructions and programs necessary to search or retrieve**

1

**such data)**, and shall include all attachments and enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed.

2. "Debtor" shall mean Gilbert, Barbee, Moore & McIlvoy, P.S.C., d/b/a Graves-Gilbert Clinic, a corporation organized and existing under the laws of the Commonwealth of Kentucky.

3. "State Court Action" means the case styled *Alice and Lloyd Dean Duff v. Tage F. Haase, M.D., et al.*, Warren Circuit Court Case No. 14-CI-00665 and the appeal styled *Gilbert, Barbee, Moore, & McIlvoy, P.S.C., d/b/a Graves-Gilbert Clinic v. Alice Duff, et al.*, Kentucky Court of Appeals Case No. 2023-CA-0022.

4. "Person" shall mean any live human being, individual, association, professional association, corporation, partnership, limited partnership, limited liability partnership, joint venture, trust, company, limited liability company, sole proprietor, cooperative, business entity, or any public agency, department, or bureau, and is used to reflect both the singular and plural.

5. "Relating to" shall mean concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, with respect to, about, regarding, announcing, evidencing, embodying, explaining, discussing, showing, depicting, describing, studying, reflecting, analyzing or constituting.

6. The Debtor is required to produce all requested documents and tangible things in its possession, custody and control, including, but not limited to, those documents and tangible things in the possession, custody and control of the Debtor's current and/or former accountants, legal counsel and other agents.

7. The documents and tangible things requested below are to be produced to legal counsel for the Duffs either as they are kept by the Debtor in the usual course of business or shall

be organized and labeled to correspond with the categories in this request for production.

8.      If the Debtor contends that any of the Duffs' requests for production of documents and/or tangible things seeks the identification or production of a document or a tangible thing that it believes is protected from discovery by any privilege, doctrine or immunity, please identify: (1) the date the document or tangible thing was created or transmitted; (2) the name of the author of the document or tangible thing; (3) the name of the person(s) to whom the document or tangible thing was addressed or sent; (4) the name of any person(s) to whom the document or tangible thing was disclosed, in whole or in part; (5) a brief description of the document's or tangible thing's subject matter; and (6) the nature of the claimed privilege or immunity, including, but not limited to, the attorney-client privilege or the attorney work product immunity.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS

1.      The bylaws, operating agreement or other Documents governing the internal operation of the Debtor, including any changes or modifications made to such Documents on or after January 1, 2021.

2.      Any audited or unaudited financial statements (including but not limited to balance sheets, profit & loss statement, income, cash flow and budgets), and if audited,  the complete audit itself containing all opinions and supporting documents and schedules, created by or generated for the Debtor for calendar years 2020, 2021 or 2022.

3.      The Debtor's federal income tax returns, including all schedules and statements, for 2020, 2021, and as soon as available, 2022.

4.      Any Documents which establish, govern, or control the operation of any profit-sharing plan(s) maintained by the Debtor, including any changes or modifications made to any

profit-sharing plan(s) since January 1, 2021.

5.      All Documents reflecting the Debtor's application, qualification for, or receipt of funds as an Employee Retention Tax Credit for calendar year 2020 and 2021.

6.      All appraisals for any real or personal property owned by the Debtor conducted by the Debtor, or by anyone on its behalf or for its benefit, including but not limited to lending or financial institutions, on or after January 1, 2015.

7.      All Documents evidencing any risk management assessment by the Debtor or anyone on its behalf, including but not limited to insurers or attorneys, of pending or threatened litigation against the Debtor for any and all pending or unresolved claims; for any  claims of which Debtor has been put on notice; and for any potential claims that Debtor's risk management or insurer has "flagged" or reasonably expects could result in a claim being made against Debtor or any agent thereof.

8.      Any loss run reports received by the Debtor from any insurer on or after January 1, 2020.

9.      All Documents (including minutes and any recordings thereof) related to and/or evidencing meetings held by the Board of Directors of the Debtor during the period January 1, 2020, to December 29, 2022, and/or at any time since June 1, 2013, if the claims or potential claims of Lloyd or Alice Duff were a direct or indirect topic of discussion.

10.      All Documents (including minutes and any recordings thereof) related to and/or evidencing meetings held by the Board of Directors, any committee, any officers, or any other entity responsible for determining any dividend, profit-sharing, incentive or bonus compensation, or any other discretionary compensation or income as defined by the Internal Revenue Code since January 1, 2021.

11.     Any notice(s) from any creditor received by the Debtor during calendar year 2022 indicating a delinquency or default under any credit agreement or trade account.12. Any Documents representing a change in payment terms with any creditor of or vendor to the Debtor during calendar year 2022.

13.     All non-public Documents reflecting secured debt obligations of the Debtor in place as of December 29, 2022.

14.     All Documents evidencing or related to any attempts by the Debtor to obtain, or to attempt to avoid posting, a supersedeas bond with respect to the judgment of the Warren Circuit Court in the State Court Action, including but not limited to bond applications, bond estimates or quotes, and/or correspondence or emails regarding same.

15      The W-3 form submitted to the Internal Revenue Service for calendar year 2022.

16.     The compensation and income (as defined by the Internal Revenue Code) packages for the top twenty (20) employees, top twenty (20) shareholders, and top twenty (20) Board members (but only to the extent of their compensation or income from the Debtor) of the Debtor for the years 2020, 2021, and 2022.

17.     If not included in the response to Request No. 16, above, any Documents related to the employment, compensation and income (as defined by the Internal Revenue Code) of Dr. Tage Haase and Dr. Timothy Wierson for the years 2020, 2021 and 2022.

18.     Any Documents related to communications or discussions between the Debtor and its agents or representatives, and Tage Haase, M.D. or any agents, employees, or representatives of Tage Haase, M.D., regarding payment, satisfaction, contribution, indemnity, or any other agreement, potential obligation, or potential arrangement for making any payment arising out of the State Court Action.

19. Any Documents related to communications or discussions between the Debtor and its agents or representatives, and State Volunteer Mutual Insurance Company or any agents, employees, or representatives of State Volunteer Mutual Insurance Company, regarding payment, satisfaction, contribution, indemnity or any other agreement, potential obligation, or potential arrangement for making any payment arising out of the State Court Action.

20. Any Documents related to communications or discussions between the Debtor and its agents or representatives, and any insurer, including but not limited to the liability insurer of its trial counsel, or any agents, employees, or representatives of any such insurer, regarding payment, satisfaction, contribution, indemnity or any other agreement, potential obligation, or potential arrangement for making any payment arising out of the State Court Action.

21. Any Documents related to communications or discussions between the Debtor and any person, business, or legal entity or any agents, employees (other than those identified above), or representatives of any person, business, or legal entity, regarding payment, satisfaction, contribution, indemnity, or any other agreement, potential obligation, or potential arrangement for making any payment arising out of the State Court Action.

22. Any Documents related to the "extensive internal policies and procedures to ensure the highest level of care for [Graves Gilbert's] patients and to resolve expeditiously any patient care complaints that may arise," as referenced in Paragraph 6 of Steven Sinclair's Declaration [ECF No. 51-2], for the period from June 1, 2020 to the present. This request includes but is not limited to production of the actual policies and procedures themselves, any revisions thereto, any emails, minutes, recordings, or meetings related to the development and dissemination of same, and any documents reflecting the resolution of complaints.

23. Any Documents related to a) the "employee that fields all patient complaints regardless of the reason;" b) how a "complaint is documented and researched to determine the validity of the complaint;" c) how "[v]alid complaints are addressed with the goal of satisfying the complaining patient and addressing the cause(s) of the complaint;" and d) the job description and job structure of how "[t]his employee is independent from the medical providers and reports to the administrative office," as referenced in Paragraph 6 of Steven Sinclair's Declaration [ECF 51-2], for the period from June 1, 2020 to the present.  This request includes but is not limited to production of the actual complaint forms and complaints themselves, all policies and procedures related thereto and any revisions thereof, any emails, minutes, recordings, or meetings related to the solicitation, of complaints, development of the system to address complaints, and dissemination of information regarding the same, and any documents reflecting the resolution of complaints.

24. Any Documents related to a) "surveys [that] are automatically issued to patients upon completion of their appointment;" b) how "survey responses are shared with providers and support staff where appropriate;" and c) the survey documents themselves, as referenced in Paragraph 6 of Steven Sinclair's Declaration [ECF No. 51-2], for the period from June 1, 2020 to the present. This request includes but is not limited to production of the actual survey forms and completed surveys  themselves, any summaries thereof, and all policies and procedures related thereto and any revisions thereof, any emails, minutes, recordings, or meetings related to the solicitation, of surveys, development of the system to implement surveys, and dissemination of information regarding the same, and any

documents reflecting the sharing of surveys, opinions regarding survey results, and how they have been used as it relates to patient care.

25.     To the extent any operations of the Debtor are licensed under the laws of the Commonwealth of Kentucky and subject to inspection by the Office of Inspector General within the Cabinet for Health and Family Services, any inspection reports, violations notices and plan(s) of correction issued from January 1, 2020 through the present.